UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY LEE BALDWIN, #143252,

        Petitioner,

                               CASE NO. 5:12-CV-14925
v.                            HONORABLE JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING AS MOOT
THE PETITION FOR A WRIT OF HABEAS CORPUS</u>**

Michigan prisoner Ricky Lee Baldwin ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court challenging his 2008 Jackson County Circuit Court convictions for assault with intent to murder, possession of a firearm during the commission of a felony, and felon in possession of a firearm for which he was sentenced to 23 to 50 years imprisonment, a concurrent term of 5 to 7 years imprisonment, and a consecutive term of 2 years imprisonment. The matter is currently before the Court on Respondent's notification informing the Court that the case had been rendered moot due to Petitioner's death on November 28, 2014. Petitioner's offender profile from the Michigan Department of Corrections Offender Tracking Information System ("OTIS") indicates that he has been discharged from custody. *See* Offender Profile, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=143252.

A prisoner's death during the pendency of his habeas petition renders his habeas action moot. *See Claiborne v. United States*, 551 U.S. 87 (2007) (per curiam opinion vacating circuit court judgment as moot due to death of petitioner); *McMann v. Ross*, 396 U.S. 118 (1969); *Beach v.*

*Humphries*, 914 F.2d 1494 (table), 1990 WL 140574, *1 (6th Cir. Sept. 21, 1990); *accord Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). Because Petitioner has died, the Court concludes that his habeas claims and this case have been rendered moot. Accordingly, the Court **DISMISSES** as moot the petition for a writ of habeas corpus. The Court also **DENIES** a certificate of appealability as jurists of reason could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This case is closed.

    **IT IS SO ORDERED**.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: January 26, 2015

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 26, 2015, using the ECF system and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager